Reese, J.
delivered the opinion of the court.
The defendant was one of the endorsers of a note made payable at the Farmers and Merchants Bank of Memphis, and of which it became holder. At the time of his endorsement, in June, 1838, the defendant carried on business as a merchant, and was resident in the town of Randolph, which is situated upon the river Mississippi, about fifty-eight miles by water, and twenty-eight by land from the city of Memphis; and between those places there is much commercial and other intercourse and communication.— When the note fell due in October, 1838, the defendant resided in Columbia, Middle Tennessee, having removed in July, 1838. Notice of the protest for the non-payment of the note was sent by the notary, directed, through the mail, to the defendant, at the town of Randolph. The notary upon the trial, testified that “he made en-quiry of persons whom he supposed to be informed of the residence of Harris, (the best information he could obtain,) and learned that Randolph was his place of residence. That the information he received was the best he could obtain, and satisfied him that Randolph was the place of Harris’ residence.”
The portion of the charge of the circuit court excepted to, is,
1st. “That the testimony of Rose, the notary, was not sufficient proof of the diligence requisite; that it was necessary for him to name the persons of whom he made enquiry, in order that the jury might judge whether the enquiry had been made of the proper persons, and that the defendant might be able to prove the oath of the notary false.”
Sd. “That if the residence of the endorser and holder were near to each other, and frequent communication between the places or towns of their residence, the holdei's would in legal contemplation he presumed to have notice of the removal of the endorser, and bound to give notice at the true place of residence.”
We .think there is error in both these propositions; but the error consists not so much in the views presented by the court, if they *315 could be considered as a commentary upon the facts to aid the jury in arriving at a just conclusion as in the assumption by the court to decide, itself, the matter of fact which should have been left to the jury.
If in the first proposition, the court had said that the testimony was less satisfactory, for the reasons stated, or would have been entitled to more weight, if the persons, from whom the enquiry was made, had been named, it would have been very proper. But he ought not to have said that the testimony was not sufficient.
In the second proposition, he might well have said that proximity of residence and frequency of inter-communication, as they increased the means of hearing of changes of residence, so they increased the probability that such changes, when they occurred, were in fact known, but he should not have said, that a party, under such circumstances, was affected with legal notice as to the knowledge of them. We, for these reasons, reverse the judgment.